UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| Gregory Green, | ) | Civil Action No.: 0:17-cv-02784-RBH |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| Donald Beckwith, Warden, | ) | |
| Respondent. | ) | |

Petitioner, Gregory Green, a state prisoner proceeding *pro se*, filed the current petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 13, 2017. *See* [ECF No. 1]. Pending before the Court is Respondent's motion for summary judgment [ECF No. 23] pursuant to Rule 56 of the Federal Rules of Civil Procedure.

This matter is before the Court with the Report and Recommendation (R & R) of United States Magistrate Judge Paige J. Gossett.[1] [ECF No. 37]. The Magistrate Judge recommended granting the Respondent's motion for summary judgment and dismissing Petitioner's petition with prejudice. For the reasons stated below, the Court adopts the Magistrate Judge's R & R, grants Respondent's motion for summary judgment, and dismisses Petitioner's § 2254 petition with prejudice.

**Facts and Procedural History**

On November 21, 2013, Petitioner was indicted by an Horry County Grand Jury for trafficking in heroin, four to fourteen grams, *second offense*. On May 29, 2014, Petitioner pled guilty to trafficking in heroin, four to fourteen grams, *first offense*. Petitioner was sentenced to ten

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

years in prison and a $50,000.00 fine. Petitioner did not file a direct appeal.

On November 17, 2014, Petitioner filed an application for post-conviction relief ("PCR") in the Horry County Court of Common Pleas. Petitioner raised the following three issues in his PCR application:

1) Trafficking, first offense, is not a lesser included offense of trafficking, second offense;

2) Violation of notice requirement guaranteed by U.S. and S.C. constitution and statutes;

3) Breach of the plea agreement.

[PCR Application, ECF No. 24-1 at 25].

The PCR court denied and dismissed Petitioner's PCR application in an Order filed March 11, 2016. The PCR court found:

> Applicant has not established any constitutional violations or deprivations that would require this Court to grant his application. The record shows no prejudice to the Applicant, nor does it show any action by plea counsel that would be deficient under the terms provided by Strickland. Specifically, this Court finds that Applicant's argument regarding this not being a lesser included offense is without merit. The indictment is a notice document to advise a defendant of elements of a crime and advise him of what he must defend. This Court finds that Applicant was properly notified, and that plea counsel was not required to challenge the indictment. Plea counsel was not deficient and did not perform at a level that fell below prevailing professional norms. Even if he had, there is no evidence to show prejudice to this Applicant. Additionally, Applicant has failed to show that his guilty plea was anything other than knowingly, intelligently, and voluntarily entered, and has not shown that, but for the defects he alleges in his plea, he would have proceeded to trial. Therefore, this application for post-conviction relief must be denied and dismissed with prejudice.

[Order of Dismissal, ECF No. 24-1 at 70].

Petitioner appealed the PCR court's order by filing a petition for a writ of certiorari in the

South Carolina Supreme Court on October 24, 2016. [Petitioner for Writ of Certiorari, ECF No. 24-7]. Petitioner raised only one issue in his PCR appeal: "The PCR judge erred in failing to vacate petitioner's plea to trafficking in heroin, first offense, as an alleged lesser offense per his indictment on the offense of trafficking in heroin, second offense, because trafficking in heroin, first offense, is not a lesser offense of trafficking in heroin, second offense." *Id*. at 3. The South Carolina Court of Appeals denied the petition for a writ of certiorari on January 9, 2018.

Petitioner filed the instant pro se petition for writ of habeas corpus on October 13, 2017. Petitioner's raises three grounds for relief in his habeas petition. In ground one, Petitioner claims that under the elements test enunciated by the U.S. Supreme Court, S.C. Code Ann. § 44-53-370(e)(3)(a)(1) (*heroin trafficking - first offense*) is not a lesser included offense of S.C. Code Ann. § 44-53-370(e)(3)(a)(2) (*heroin trafficking - second offense*). In ground two, Petitioner contends he was deprived of sufficient notice of the charge to which he pled guilty in violation of the Due Process Clause of the 14th Amendment to the U.S. Constitution. In ground three, Petitioner contends the State breached the plea agreement, which violated the Due Process Clause of the 14th Amendment to the U.S. Constitution.

## Legal Standards of Review

### I. Review of the Magistrate Judge's Report & Recommendation

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the

3

Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The right to de novo review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id*.

**II. Summary Judgment Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record ...; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

**III. Federal Habeas Review under 28 U.S.C. § 2254**

Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death

4

Penalty Act of 1996 ("AEDPA"). Therefore, in considering Petitioner's ineffective assistance of counsel claim, the Court's review is limited by the deferential standard of review set forth in 28 U.S.C. § 2254(d). *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see also Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (explaining federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding").

## **Discussion**

In ground one, Petitioner argues that the offense to which he pled guilty (*heroin trafficking - first offense*) is not a lesser included offense of *heroin trafficking - second offense*, the charge for which Petitioner was indicted. The Magistrate Judge found that ground one was purely a matter of state law and therefore not cognizable in a petition for a writ of habeas corpus. This Court agrees.

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2254(a).

5

Whether heroin trafficking (first offense) is a lesser included offense of heroin trafficking (second offense) does not implicate a federal right. As the Magistrate Judge noted, in South Carolina, the determination of whether an offense is a "lesser included offense" of the offense charged only affects the instructions given to a jury before deliberations. *See generally State v. White*, 605 S.E.2d 540, 542 (S.C. 2004). Petitioner has failed to demonstrate that he is in custody in violation of the Constitution or laws or treaties of the United States.

In his objections, Petitioner argues that ground one is an issue of federal law based on the U.S. Supreme Court opinion in *Schmuck v. United States*, 489 U.S. 705 (1989). However, *Schmuck* addresses the standard for determining when a *federal* crime is a lesser included offense under the Federal Rules of Criminal Procedure. *Schmuck* does not apply to Petitioner's case. Because ground one rests solely on an issue of state law and does not implicate a federal right, ground one is not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 ("federal habeas corpus relief does not lie for errors of state law . . . it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions . . . a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). The Magistrate Judge correctly applied the law to the facts and correctly concluded that Petitioner's claim in ground one was not cognizable on federal habeas review. Ground one is due to be dismissed.

As to grounds two and three, those claims were not raised on appeal from the denial of Petitioner's PCR application. As a result, the Magistrate Judge found that grounds two and three were procedurally barred. Petitioner responds that because the Court previously dismissed his case without prejudice for failure to exhaust state court remedies, the law of the case doctrine prevents

6

the Court from finding that grounds two and three of his current petition are procedurally barred. This argument is without merit. Nothing in the previous order prevents a finding in this case that Petitioner's grounds two and three are procedurally barred.

Petitioner failed to present grounds two and three to all appropriate state courts and would now be procedurally barred from raising the claims in state court. "If claims were not exhausted in state court but would now be procedurally barred if brought in state court, then federal courts can treat the claims as if they were procedurally defaulted in the state courts." *Clagett v. Angelone*, 209 F.3d 370, 378 (4th Cir. 370). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner has not demonstrated cause for the default or actual prejudice as a result of the alleged violation of federal law, nor has he demonstrated that failure to consider grounds two and three will result in a fundamental miscarriage of justice. The Court agrees with the Magistrate Judge that grounds two and three are procedurally barred and due to be dismissed.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on

7

procedural grounds, the prisoner must demonstrate both the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.  In this case, the Court concludes that Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

### Conclusion

After reviewing the entire record, and for the reasons stated above and by the Magistrate Judge in the Report and Recommendation, the Court overrules Petitioner's objections [ECF No. 39] and adopts and incorporates by reference the Report and Recommendation [ECF No. 37] of the Magistrate Judge.

IT IS THEREFORE ORDERED that Respondent's motion for summary judgment [ECF No. 23] is **GRANTED**, and Petitioner's petition for writ of habeas corpus [ECF No. 1] is **DISMISSED with prejudice**.  IT IS FURTHER ORDERED that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

December 28, 2018  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge